# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties

December 30, 2003

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301

RE: 02-16913-AA       Zaidy Gantt v. Martin-Brower Company
DC DKT NO.: 97-06233 CV-WJZ

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
   Original Exhibits, consisting of: two envelopes, one psi
   Original record on appeal or review, consisting of: thirteen volumes

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, <u>but not a copy of the court's decision</u>, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (12-2003)

# United States Court of Appeals
For the Eleventh Circuit

No. 02-16913

District Court Docket No.
97-06233-CV-WJZ

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Nov 3, 2003

THOMAS K. KAHN
CLERK

ZAIDY GANTT,

    Plaintiff-Appellant,
    Cross-Appellee,

MICHAEL MCGUIRE, et al.,

    Plaintiffs,

versus

MARTIN-BROWER COMPANY,

    Defendant-Appellee,
    Cross-Appellant.

------------------------------------------------

Appeal from the United States District Court
for the Southern District of Florida

------------------------------------------------

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
DEC 3 0 2003
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered: November 3, 2003
For the Court: Thomas K. Kahn, Clerk
By: Miller-Reed, Sharon

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 02-16913
Non-Argument Calendar

D.C. Docket No. 97-06233-CV-WJZ



FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 0 3 2003
THOMAS K. KAHN
CLERK

ZAIDY GANTT,

MICHAEL MCGUIRE, et al.,

Plaintiff-Appellant,
Cross-Appellee,

Plaintiffs,

versus

MARTIN-BROWER COMPANY,

Defendant-Appellee,
Cross-Appellant.

Appeal from the United States District Court for the
Southern District of Florida

(November 3, 2001)

Before TJOFLAT, BARKETT and HULL, Circuit Judges.

PER CURIAM:

This case is before us for the third time. In the first appeal, we affirmed the district court's judgment "in all respects with the exception of its decision striking the punitive damages awards. We vacate[d] the court's "judgment with respect to punitive damages and remand[ed] the case so that the court [could] reconsider the punitive damages issue in the light of the Supreme Court's . . . decision in Kolstad v. American Dental Association, 119 S. Ct. 2118 (1999)." Gantt v. Martin-Brower Company, No. 98-5881 (11th Cir. September 22, 2000) (unpublished) (Gantt I). In the second appeal, we vacated the district court's decision upholding the jury's verdict on the issue of punitive damages because the decision was effectively unreviewable. Gantt v. Martin-Brower, No. 01-13236 (11th Cir. February 26, 2002) (unpublished) (Gantt II). Although the district court concluded that the verdict on punitive damages passed Kolstad muster, its order "left us to speculate as to whether the court, in reaching its conclusion, took into account anything Martin-Brower might have done in an effort to comply with Title VII. If the court did so, [we said,] we [could] not tell from its order what it found – that is, whether Martin-Brower did anything in an effort to comply and, if so, why its conduct did not constitute 'good-faith efforts to prevent discrimination in the workplace.'" Because the court's decision was "unreviewable," we remanded the case "with

2

instructions that the court revisit the evidence presented to the jury on the issue of punitive damages, bearing in mind that the plaintiff[] had the burden of establishing [his] entitlement to such damages. If the court concludes that the plaintiff[] satisfied the burden <u>Kolstad</u> places upon [him], then the court must consider whether Martin-Brower is entitled to a remittitur."[1]

On remand, the district court complied with our instructions; after combing the evidence presented to the jury, it concluded in a comprehensive order dated December 3, 2002, that the plaintiff failed to satisfy his <u>Kolstad</u> burden. As the court properly found, he offered no evidence that Martin-Brower or any of its warehouse managers acted with malice or reckless indifference to his federally protected right to be free from discrimination in the workplace. The court also found, correctly we believe, that the warehouse managers were not sufficiently important in the company's management structure to be considered managerial agents. Moreover, even if one were to assume that Gantt established discriminatory intent on the warehouse managers' part, such intent could not be imputed to the company.

---

[1] While <u>Gantt II</u> was pending on appeal, Gantt's co-plaintiffs settled with Martin-Brower; hence, they are not before us in this appeal. We therefore quote the language from <u>Gantt II</u> to reflect that only one plaintiff remains in the case, Zaidy Gantt.

The district court committed no error in its implementation of our <u>Gantt II</u> mandate. The court's December 3, 2002 decision vacating the jury's award of punitive damages is therefore

AFFIRMED.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

4